# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:13-cv-129-RJC

| | |
|---|---|
| GUY T. PENDERGRASS, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, et al., | )  ORDER<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e) and 1915A. Plaintiff, who is proceeding pro se, filed a Complaint in this Court on February 26, 2013, pursuant to 42 U.S.C. § 1983. (Doc. No. 1). On March 4, 2013, this Court entered an Order requiring an initial partial payment from Plaintiff's inmate trust account. (Doc. No. 4).

### I. BACKGROUND

Plaintiff is a state court inmate currently incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina. Plaintiff has named as Defendants the North Carolina Department of Public Safety, as well as eight nurses at Lanesboro (Bradley, Cranford, Martinez, Medlin, Rizaldi, Rushin, Shope, and Tarrantina) and Lanesboro doctor Sami Hassan. Plaintiff describes himself in the Complaint as a "55-year-old brittle diabetic," and he generally alleges that Defendants were deliberately indifferent to Plaintiff's serious medical need arising from a blister on his toe, which resulted in the amputation of his toe in October 2012, and then in further medical complications. See (Doc. No. 1 at 5). Plaintiff specifically alleges that Defendant Nurse Medlin should have known that Plaintiff's toe needed immediate medical attention in August of

1

2011, but that Nurse Medlin ignored the problem, and that the delay resulted in Plaintiff's toe requiring amputation. (Id. at 7). Plaintiff further alleges that Defendant nurses Bradley, Cranford, Rizaldi, and Rushing "allowed [his] wound to degenerate to the point of when the toe bone became exposed, which caused the remainder of [his] toe to be amputated." (Id.). Plaintiff further alleges that "[t]hrough the actions of Nurse[] Medlin, or inaction or incompetence of Nurses Cranford, Rizaldi, Rushing, and Bradley, I have to have a total of three (3) surgeries to stop the infection from spreading to the rest of my foot." (Id.).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

The Court has conducted an initial review of the Complaint and determines that the Complaint satisfies an initial review with regard to Defendants nurses Bradley, Cranford, Medlin, Rizaldi, and Rushing. Nurses Martinez, Shope, and Tarrantina are, however, terminated

as Defendants because Plaintiff specifically alleges that these Defendants "acted in a professional and competent manner." (Id.). As to Dr. Hassan, Plaintiff alleges that on November 2, 2012, as soon as Nurse Shope informed Dr. Hassan that Plaintiff's toe bone was exposed underneath the white skin, Dr. Hassan sent Plaintiff to the emergency room at Carolina's Medical Center in Monroe, North Carolina. Rather than alleging facts tending to show deliberate indifference by Dr. Hassan, Plaintiff's alleged facts show that Dr. Hassan sought immediate attention for Plaintiff's toe as soon as Dr. Hassan was aware of the injury. Therefore, Plaintiff fails to state a claim for deliberate indifference to a serious medical need by Dr. Hassan.

### IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff's Complaint survives initial review as to Defendants Bradley, Cranford, Medlin, Rizaldi, and Rushing, but the remaining Defendants are dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants Hassan, Martinez, Shope, and Tarrantina are dismissed from the Complaint as Defendants. The remaining Defendants are Defendants Bradley, Cranford, Medlin, Rizaldi, and Rushing. The Clerk is directed to mail five summons forms to Plaintiff for Plaintiff to fill out and identify the remaining Defendants in the summonses for service of process, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. That is, in filling out each summons form, Plaintiff must attempt to identify the name of each Defendant, the position and place of employment for each Defendant, as well as each Defendant's address, to the best of Plaintiff's ability. Once the Court receives the summonses from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon the

3

named Defendants.

Signed: August 19, 2013

Robert J. Conrad, Jr.
United States District Judge