UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-129-RJC

| GUY T. PENDERGRASS, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER |
| N.C. DEPARTMENT OF PUBLIC SAFETY, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Amend/Correct Complaint, (Doc. No. 8), Plaintiff's Motion to Appoint Counsel, (Doc. No. 9), Plaintiff's Motion for Entry of Default, (Doc. No. 12), Plaintiff's Motion for Default Judgment, (Doc. No. 14), and Plaintiff's Motion for Discovery, (Doc. No. 15).

**I.     BACKGROUND**

Pro se Plaintiff is a state court inmate currently incarcerated at Lanesboro Correctional Institution ("Lanesboro") in Polkton, North Carolina. Plaintiff filed this action on February 26, 2013, naming as Defendants the North Carolina Department of Public Safety, as well as eight nurses at Lanesboro (Bradley, Cranford, Martinez, Medlin, Rizaldi, Rushin, Shope, and Tarrantina) and Lanesboro doctor Sami Hassan. Plaintiff describes himself in the Complaint as a "55-year-old brittle diabetic," and he generally alleges that Defendants were deliberately indifferent to Plaintiff's serious medical need arising from a blister on his toe, which resulted in the amputation of his toe in October 2012, and then in further medical complications. See (Doc.

1

No. 1 at 5). Plaintiff specifically alleges that Defendant Nurse Medlin should have known that Plaintiff's toe needed immediate medical attention in August of 2011, but that Nurse Medlin ignored the problem, and that the delay resulted in Plaintiff's toe requiring amputation. (Id. at 7). Plaintiff further alleges that Defendant nurses Bradley, Cranford, Rizaldi, and Rushing "allowed [his] wound to degenerate to the point of when the toe bone became exposed, which caused the remainder of [his] toe to be amputated." (Id.). Plaintiff further alleges that "[t]hrough the actions of Nurse[] Medlin, or inaction or incompetence of Nurses Cranford, Rizaldi, Rushing, and Bradley, I have to have a total of three (3) surgeries to stop the infection from spreading to the rest of my foot." (Id.).

On August 19, 2013, this Court entered an Order dismissing from the Complaint Defendants Hassan, Martiniz, Shope, and Tarrantina, and ordering service on the remaining Defendants. (Doc. No. 6). On October 8, 2013, summonses were returned as unexecuted for Defendants Medlin, Rizaldi, and Cranford. (Doc. No. 10). The docket report indicates that summonses were returned as executed for Defendants Bradley and Rushing on October 8, 2013, and the Court entered an order stating that these Defendants must file an Answer or otherwise respond by September 25, 2013. (Doc. No. 11). Neither Bradley nor Rushing has filed an Answer or otherwise responded. Plaintiff has filed a motion for entry of default and a motion for default judgment as to these two Defendants.

## II. DISCUSSION

### A. Plaintiff's Motion to Amend

On September 9, 2013, Plaintiff filed a Motion to Amend/Correct Complaint. (Doc. No. 8). A plaintiff may amend the complaint once as a matter of course within 21 days after serving

the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. FED. R. CIV. P. 15(a)(1). Thus, Plaintiff does not need the Court's permission to amend the complaint. In any event, the motion to amend will be granted, and Plaintiff may file an amended complaint if he wishes to do so. The Court advises Plaintiff, however, that he may not revive a claim against a Defendant if the Court has already dismissed the claim against that Defendant on initial review for failure to state a claim.

      B.     Plaintiff's Motion to Appoint Counsel

Plaintiff seeks counsel on the grounds that he is poor, incarcerated, and is a layperson without legal knowledge, and based on his contention that the issues in this case are complex, and he will need assistance from counsel if this matter proceeds to trial. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion to appoint counsel will be denied at this time. If the case proceeds to trial, the Court will revisit the issue of appointment of counsel.

      C.     Plaintiff's Motion for Discovery

Plaintiff has filed a "motion for discovery," seeking an order from the Court requiring the North Carolina Department of Public Safety to furnish the current addresses for the individual Defendants who have not been served. Plaintiff's motion for discovery will be denied at this

time. The Clerk shall, however, send this order to the North Carolina Attorney General, and the North Carolina Attorney General shall inform the Court whether it intends to investigate the alleged conduct in the Complaint and whether it intends to voluntarily furnish the addresses for various Defendants. Plaintiff's motions for entry of default and for default judgment as to Defendants Bradley and Rushing will be denied at this time.

The Court further notes that the summons for service on Defendant Rushing was returned as executed, but the summons does not appear to have been personally served on Rushing. Rather, the summons form indicates that service was made on "Ops Sgt. D. Mullis for night shift/supv. in medical." (Doc. No. 11 at 1). It is not clear, however, that "D. Mullis" is an agent authorized by appointment of law to receive service of process. See FED. R. CIV. P. 4(e). The Court will, therefore, order the U.S. Marshal to attempt to re-serve Defendant Rushing in accordance with Rule 4 of the Federal Rules of Civil Procedure.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Amend/Correct Complaint, (Doc. No. 8), is **GRANTED**;

2. Plaintiff's Motion to Appoint Counsel (Doc. No. 9), is **DENIED**.

3. Plaintiff's Motion for Entry of Default, (Doc. No. 12), and Motion for Default Judgment, (Doc. No. 14), are **DENIED**.

4. Plaintiff's Motion for Discovery, (Doc. No. 15), is **DENIED**.

5. Within twenty (20) days of entry of this Order, Defendant Bradley shall either file an Answer or responsive pleading.

6. The U.S. Marshal shall attempt to re-serve Defendant Rushing in accordance with

Rule 4 of the Federal Rules of Civil Procedure.

7. The Clerk is instructed to mail this Order to the North Carolina Attorney General. The North Carolina Attorney General shall notify the Court within thirty days whether it intends to investigate the allegations in the Complaint and/or file an Answer or responsive pleading on behalf of any of the named Defendants.

Robert J. Conrad, Jr.
United States District Judge