**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-129-RJC**

| | |
|---|---|
| GUY T. PENDERGRASS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>N.C. DEPARTMENT OF PUBLIC )<br>SAFETY, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Amend/Correct Complaint, (Doc. No. 30), and on Plaintiff's Motion to Appoint Counsel, (Doc. No. 31).

**I.     BACKGROUND**

Pro se Plaintiff is a state court inmate currently incarcerated at Albemarle Correctional Institution in Badin, North Carolina.  Plaintiff filed this action on February 26, 2013, naming as Defendants the North Carolina Department of Public Safety, as well as eight nurses at Lanesboro Correctional Institution (Bradley, Cranford, Martinez, Medlin, Rizaldi, Rushin, Shope, and Tarrantina) and Lanesboro doctor Sami Hassan.  Plaintiff describes himself in the Complaint as a "55-year-old brittle diabetic," and he generally alleges that Defendants were deliberately indifferent to Plaintiff's serious medical need arising from a blister on his toe, which resulted in the amputation of his toe in October 2012, and then in further medical complications.  See (Doc. No. 1 at 5).

On August 19, 2013, this Court entered an Order dismissing from the Complaint

1

Defendants Hassan, Martiniz, Shope, and Tarrantina, and ordering service on the remaining Defendants. (Doc. No. 6). On October 8, 2013, summonses were returned as unexecuted for Defendants Medlin, Rizaldi, and Cranford. (Doc. No. 10). On May 15, 2014, Defendants Bradley and Rushing filed a motion to dismiss, which is pending before the Court. (Doc. No. 23). On June 18, 2014, Plaintiff filed the pending motion to amend complaint and motion to appoint counsel.

## II. DISCUSSION

### A. Plaintiff's Motion to Amend

On June 18, 2014, Plaintiff filed the pending Motion to Amend/Correct Complaint, in which he purports to add three additional defendants, and he provides more detailed allegations regarding the claim for alleged indifference to serious medical needs. (Doc. No. 30). A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. FED. R. CIV. P. 15(a)(1). After that, a plaintiff may file a motion to amend the complaint. FED. R. CIV. P. 15(a)(2). Rule 15(a) instructs the Court to freely grant motions to amend the pleadings. Here, the Court will grant the motion to amend the Complaint.

### B. Plaintiff's Motion to Appoint Counsel

Plaintiff seeks counsel on the grounds that he is poor, incarcerated, and is a layperson without legal knowledge and no access to a law library, and based on his contention that the issues in this case are complex, and he will need assistance from counsel if this matter proceeds to trial. There is no absolute right to the appointment of counsel in civil actions such as this one.

Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion to appoint counsel will be denied at this time. If the case proceeds to trial, the Court will revisit the issue of appointment of counsel.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Amend/Correct Complaint, (Doc. No. 30), is **GRANTED**;

2. Plaintiff's Motion to Appoint Counsel (Doc. No. 31), is **DENIED**.

3. The Clerk of this Court is directed to file as a separate docket entry the proposed amended complaint in Docket No. 30, and that document shall be entered as the "First Amended Complaint."

4. Per Plaintiff's request, the Clerk shall send five summons forms to Plaintiff for Plaintiff to fill out the names and information for the newly named and current remaining Defendants who have not been served. When Plaintiff returns the summons forms, the Clerk shall direct the U.S. Marshal to attempt service on these Defendants.

5. Because Plaintiff is being allowed to amend the Complaint, the pending motion to dismiss the claims in the original Complaint by Defendants Rushing and Bradley has been rendered moot. Thus, the pending Motion to Dismiss, (Doc. No. 23), is **DENIED** as moot and without prejudice to Defendants Rushing and Bradley to

file a motion to dismiss the Amended Complaint.

Signed: September 9, 2014

Robert J. Conrad, Jr.
United States District Judge